UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD CRAIG GORE,

    Petitioner,

v.           Case No. 3:10-cv-561-J-34TEM

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

_____

**ORDER**

**I. Status**

  Petitioner Donald Craig Gore initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on June 28, 2010, pursuant to the mailbox rule.[1]  In the Petition, Gore challenges a 1998 state court (Columbia County, Florida) judgment of conviction for forgery and a lewd act upon a child under sixteen years old. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Motion to Dismiss Petition, and Alternatively Answer in Response to Order to Show Cause and Petition for Writ of Habeas

---

[1] While incarcerated at Lake Correctional Institution, see Petition at 1, Gore filed the Petition (Doc. #1) in this Court on June 30, 2010; however, giving Gore the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Gore handed it to the prison authorities for mailing to this Court (June 28, 2010). See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Gore the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

Corpus (Response) (Doc. #11) with exhibits (Resp. Ex.). On September 28, 2010, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #6), admonishing Gore regarding his obligations and giving Gore a time frame in which to submit a reply. On July 22, 2011, Gore notified the Court that he does not intend to file a reply, but will rely on the allegations and claims asserted in the Petition. See Petitioner's Traverse (Doc. #15). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

2

>> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Since this is "a multiple trigger date case," the Eleventh Circuit's recent decision in Zack v. Tucker, 704 F.3d 917 (11th Cir. 2013),[2] is applicable to Gore's case. See Response at 15-16.

---

[2] In Zack, the petitioner attempted to resurrect eight untimely claims by raising one meritless claim of mental retardation based on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Zack argued that his habeas petition was timely, under § 2244(d)(1)(C), because he filed it within one year after the United States Supreme Court decided Atkins v. Virginia, 536 U.S. 304 (2002) (holding that the execution of a mentally retarded person is cruel and unusual punishment in violation of the Eighth Amendment). The Eleventh Circuit held that AEDPA's statute of limitations "applies on a claim-by-claim basis in a multiple trigger date case." Zack, 704 F.3d at 926. ("We see no reason why a habeas petitioner who allows his judgment to become final should be permitted, by the happenstance of an intervening decision or the discovery of new evidence, to reopen claims that he could have raised earlier but did not."). Additionally, the Court overruled Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003), to the extent that it held that § 2244(d)(1) provided a single statute of limitations for the petition as a whole and that individual claims in the petition could not be reviewed separately for timeliness. Id.

Respondents contend that, as to both claims, Gore has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On August 29, 1991, in Case No. 1991-CF-453, the State of Florida charged Gore with four counts of forgery, four counts of uttering forgery and one count of petit theft. Resp. Ex. C at 20-24, Second Amended Information. On September 12, 1991, Gore plead guilty to four counts (counts one, three, five, and seven) of forgery. Id. at 31, Offer of Plea. The State agreed to dismiss the remaining charges. Id. at 31, 43. On September 12, 1991, the trial court sentenced Gore to a term of imprisonment of five years for count one, a term of two years of imprisonment for count three, with such term to run consecutively to the sentence imposed for count one, and eighteen months of probation for counts five and seven, such probationary terms to follow the prison terms. Id. at 30, 31, 32-37.

On April 12, 1995, in Case No. 1995-CF-241, the State of Florida charged Gore with a lewd act upon a child under sixteen years old. Id. at 120-21. On August 17, 1995, pursuant to an offer of plea, Gore plead guilty, as charged, see id. at 136-38, and the trial court sentenced him, as a habitual felony offender, to a term of imprisonment of thirty years. Id. at 185-91. The court suspended the thirty-year prison sentence to two years of community control followed by eight years of drug offender

probation. When Gore subsequently violated the terms and conditions of his probation, the court, on July 11, 1996, revoked his probation and sentenced him to the thirty-year term of incarceration (that had been previously suspended), such term to run consecutively to the sentence imposed in Case No. 1991-CF-453. Id. at 198-99, 208-13.

As to Case No. 1991-CF-453, the trial court, on August 17, 1995, revoked Gore's probation, see id. at 78, and sentenced him to a term of twenty years of incarceration for counts five and seven, suspended to two years of community control followed by eight years of drug offender probation, see id. at 79-83. Later, the trial court, on July 11, 1996, revoked Gore's community control and ordered him to serve the twenty-year term of incarceration (for counts five and seven) previously suspended. Id. at 103-07.

On appeal, Gore, through counsel, filed an Initial Brief, arguing that the trial court erred by: revoking community control because the evidence did not prove that Gore willfully and substantially violated community control (ground one), and refusing to allow Gore to present evidence in mitigation of his sentence (ground three). Additionally, Gore argued that the twenty-year sentences on the two third-degree felonies were illegal (ground two). Resp. Ex. F. The State filed an Answer Brief, see Resp. Ex. G, and Gore filed a Reply Brief, see Resp. Ex. H. On December 8,

1997, the appellate court affirmed in part and reversed in part, stating:

> We find no error in the trial court's finding that appellant wil[l]fully and substantially violated his community control. We are obliged to reverse the sentence, however, and remand for a new sentencing hearing, as the trial court imposed a 20-year sentence for two third-degree felonies, which carry a maximum sentence of five years each. Upon remand, the parties may raise any issues regarding how much, if any, credit for time served appellant is entitled to receive, and appellant may, if he chooses, make arguments toward mitigation of his sentence.

Gore v. State, 702 So.2d 276 (Fla. 1st DCA 1997) (per curiam); Resp. Ex. I. The mandate issued on December 24, 1997.[3] Resp. Ex. J. Gore did not seek review in the United States Supreme Court.

Following remand, on February 27, 1998, the trial court resentenced Gore to a term of five years of imprisonment on each forgery count (counts five and seven), such terms to run consecutively to each other and consecutively to his sentence in 1995-CF-241. Resp. Ex. L at 168-73. At resentencing, the court stated:

> It's the judgment and sentence of the Court that the defendant was correctly sentenced as a habitual felony offender, for which he qualifies, and he is now resentenced in accordance with the law on Case 95-241 to 30 years followed by 10 consecutive years on Case 91-453, that being the intent of the Court to sentence to 40 years. And the Court further, wanting to adopt the agreement of the

---

[3] See Donald Craig Gore v. State of Florida, Case No. 1D96-2938, website for the First District Court of Appeal (http://www.1dca.org), online docket.

6

> defendant, which the defendant initiated, that he be given credit for nine years, the Court does, in fact, give the defendant credit for nine years. And the Court now modifies the Court's sentence and sentences the defendant to 31 years, that being the intended sentence of 40 years but the Court is going to lessen that sentence to 31 years, so the defendant is absolutely granted the nine years that all parties anticipated that he would receive.
>
> So again, the sentence is 31 years with no other credit for any gain time.

Id. at 364.

On appeal, Gore, through counsel, filed an Initial Brief, arguing that the trial court erred in failing to hold a Nelson[4] inquiry when Gore moved to discharge counsel. Resp. Ex. M. The State filed an Answer Brief, see Resp. Ex. N, and Gore filed a Reply Brief, see Resp. Ex. O. On April 22, 1999, the appellate court affirmed Gore's conviction and sentence per curiam without issuing a written opinion, see Gore v. State, 731 So.2d 1275 (Fla. 1st DCA 1999); Resp. Ex. P, and the mandate issued on May 10, 1999, see Resp. Ex. R. The court also denied Gore's motion for rehearing on June 7, 1999. Resp. Ex. S.

After resentencing, but while Gore's case was on direct appeal, Gore, on July 21, 1998, filed his first pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In his request for post conviction relief, Gore asserted that he was denied a fair and impartial resentencing

---

[4] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

7

hearing due to Judge Douglas' prejudice and bias against him. Resp. Ex. U at 1-23. On August 17, 1998, the court denied Gore's motion, finding that "the defendant raises no grounds demonstrating an entitlement to the requested relief" and concluding that the "issues could have and should have been raised on direct appeal" and that "no facts raised demonstrate instances of impartiality by the Court." Id. at 24. The court also denied Gore's motion for rehearing on September 25, 1998. Id. at 48-54, 55. On October 22, 1999, the appellate court affirmed the trial court's decision per curiam, see Gore v. State, 744 So.2d 992 (Fla. 1st DCA 1999); Resp. Ex. V, and the mandate issued on November 17, 1999, see Resp. Ex. W. The appellate court, on December 1, 1999, denied Gore's petition for belated appeal. See Gore v. State, 745 So.2d 525 (Fla. 1st DCA 1999). When Gore sought review in the Florida Supreme Court, the court dismissed the appeal for lack of jurisdiction on February 18, 2000. See Gore v. State, 753 So.2d 564 (Fla. 2000); Resp. Ex. FFF.

During the pendency of Gore's first Rule 3.850 motion, Gore filed a pro se motion to withdraw guilty plea on June 4 1999. Resp. Ex. AA at 1-23. Additionally, on December 15, 1999, Gore filed a second pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. AA at 27-62. In that request for post conviction relief, he asserted that counsel was ineffective because he failed to: research the

8

applicable law relating to the illegal sentence (ground C); object to a presiding successor judge for Gore's revocation and resentencing hearings when there was no showing that the original judge was unavailable (ground D); inform Gore of his proper guidelines scoresheet total (ground E); inform Gore of the consequences of habitualization (ground F); object to Gore's illegal sentence (ground G); ensure that Gore received a Faretta[5] hearing when he learned that Gore was corresponding with the Assistant State Attorney (ground H); object to the imposition of fines, costs, and charges in excess of what Gore had contemplated at the time he entered his plea (ground I); object to the alleged bias of the judge presiding over the resentencing hearing (ground J); object and argue that Gore had a fundamental right to be heard at his revocation hearing (ground K); object to the probation officer setting the amount and rate of the payment schedule for restitution and costs (ground L); ensure Gore would get credit for time served (ground M); and object to the State's admission into evidence of Gore's Department of Corrections file at his revocation hearing (ground N).  Gore also asserted that his plea was involuntary because neither his counsel nor the trial court informed him that he could withdraw the plea once the State could not comply with a condition (ground A), and that the trial court failed to inform him of the consequences of habitualization (ground

---

[5] Faretta v. California, 422 U.S. 806 (1975).

B).  On April 2, 2001, the court denied the Rule 3.850 motion. Resp. Ex. Y at 24-31.  Then, on July 24, 2001, the court denied Gore's other motions that the court had consolidated for review. Resp. Ex. Z at 135-37.  On October 30, 2002, the appellate court reversed the trial court's denial as to grounds A, B, and F, and affirmed as to the remaining grounds.  Gore v. State, 828 So.2d 1087 (Fla. 1st DCA 2002) (per curiam).  In doing so, the court stated:

> In claim A, Gore alleges that his plea was involuntary because neither his counsel nor the trial court informed him that he could withdraw the plea once the state could not comply with a condition.  In claims B and F, Gore contends that neither the trial court nor his counsel informed him of the consequences of habitualization.  These claims are facially sufficient and were not conclusively refuted by the trial court's order, which did not contain any record attachments.  Therefore, we reverse and remand this case either for attachment of records that conclusively refute these claims or an evidentiary hearing.

Id.

During the pendency of the second Rule 3.850 motion, Gore filed a pro se petition for writ of habeas corpus in the Florida Supreme Court.  Resp. Ex. CC.  Construing the petition as one seeking a writ of mandamus, the court denied the petition on March 8, 2001, see Resp. Ex. DD, and later denied Gore's motion for rehearing on May 14, 2001, see Resp. Exs. EE; FF.

Later, on remand from the appellate court's October 30, 2002 reversal, the trial court denied Gore's second Rule 3.850 motion

10

(as to grounds A, B, and F) on January 31, 2003. Resp. Ex. HH at 30-141. The appellate court affirmed the trial court's decision on July 25, 2003, see Gore v. State, 854 So.2d 196 (Fla. 1st DCA 2003); Resp. Ex. KK, and the mandate issued on September 26, 2003, see Resp. Ex. LL.

On June 21, 2004, Gore filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Resp. Ex. NN at 1-5. The court, on August 19, 2004, denied the motion, stating:

> The Defendant raises two issues that allege his sentence is illegal. The first issue raised by the Defendant is that he has not been awarded the proper amount of jail and prison credit. The Defendant was resentenced on May 6, 1998, on the instant cases, and was awarded no prior prison or jail credit. The Defendant appealed the sentence, and in particular, the lack of prior credits, and the sentence was affirmed by the First District Court of Appeal dated April 22, 1999.
>
> The second issue raised by the Defendant is that the sentence is illegal as this Court had lost jurisdiction on his cases. The Defendant alleged this issue in a prior Rule 3.850 motion. The Defendant appealed the denial of that motion and the denial was affirmed [by] the First District Court of Appeal in an Opinion dated October 30, 2002.

Id. at 6. The court denied Gore's motion for rehearing on September 24, 2004. Id. at 21-23, 24. On June 9, 2005, the appellate court affirmed the trial court's decision per curiam, see Gore v. State, 903 So.2d 939 (Fla. 1st DCA 2005); Resp. Ex. OO, and the mandate issued on July 6, 2005, see Resp. Ex. PP.

On September 15, 2005, Gore filed a third pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. AAA at 1-19. In that request for post conviction relief, Gore asserted that the trial court erred when it failed to rule on: the addendum to his motion to withdraw plea, filed in June of 1999 (ground A), and the addendum to his motion for post conviction relief, filed in December of 1999 (ground B). Gore also asserted that the trial court erred by encroaching on executive authority when it ordered that he be placed in a state sponsored residential drug treatment facility (ground C). Additionally, he asserted that counsel (Herbert Ellis) was ineffective due to a substantial conflict of interest (ground D), and his sentence violates the Double Jeopardy Clause because the trial court failed to award all pre-sentence jail credit (ground E).

Judge Douglas denied the motion as untimely on November 10, 2005. Unbeknown to Judge Douglas at that time, Gore had filed a contemporaneous motion to disqualify Judge Douglas from the case. Apparently, neither Gore nor the Clerk of Court forwarded a copy of the motion to Judge Douglas. When Judge Douglas did not rule on the motion for disqualification, Gore filed a petition for writ of prohibition in the appellate court. Since Judge Douglas failed to rule on Gore's motion for disqualification with the thirty-day period established by Florida Rule of Judicial Administration

2.160(j), the appellate court, on October 18, 2006, granted Gore's petition for writ of prohibition, vacated the November 10, 2005 order denying Gore's Rule 3.850 motion, and remanded the case for assignment to a new judge and for consideration of Gore's Rule 3.850 motion. See Gore v. State, 939 So.2d 261 (Fla. 1st DCA 2006). On September 25, 2007, the court denied Gore's Rule 3.850 motion as untimely. The appellate court affirmed the trial court's decision on May 4, 2009, see Gore v. State, 10 So.3d 635 (Fla. 1st DCA 2009); Resp. Ex. BBB, and mandate issued on June 29, 2009, see Resp. Ex. CCC.

Gore's conviction became final on September 6, 1999 (90 days after June 7, 1999). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Gore's conviction was after April 24, 1996, the effective date of the AEDPA, Gore had one year from the date his conviction became final to file his federal petition (September 6, 2000). The Petition, filed on June 28, 2010, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

When Gore's conviction and sentence became final, his June 4, 1999 motion to withdraw guilty plea was pending, and then he filed a second Rule 3.850 motion on December 15, 1999. Those motions tolled the one-year limitations period until the appellate court issued mandate on September 26, 2003. The one-year limitations period began on September 27, 2003, and ran for two hundred and sixty-eight (268) days until Gore filed his Rule 3.800 motion on June 21, 2004. That motion tolled the running of the limitations period until July 6, 2005. Respondents assert, see Response at 11-15, and this Court agrees, that Gore's third Rule 3.850 motion was not "properly filed" because the court denied the motion as untimely. Thus, the one-year limitations period ran for almost five (5) years until Gore filed his Petition on June 28, 2010.[6]

Given the record, Gore's June 28, 2010 Petition (as to both claims)[7] is untimely filed and due to be dismissed unless Gore can

---

[6] Respondents assert that, even if the third Rule 3.850 motion was a tolling event, the Petition would still be untimely. See Response at 15 n.3.

[7] In the June 28, 2010 Petition before the Court, Gore asserts that his counsel was ineffective due to a conflict of interest that Gore discovered through a phone call with his ex-wife in 2005 (claim one), and that his sentence is illegal and violates the Double Jeopardy Clause (claim two). As to claim one, in his September 15, 2005 Rule 3.850 motion, Gore stated that he "learned" about the facts underlying the conflict of interest claim two months before the filing of his motion. Resp. Ex. AAA at 15. Accordingly, by Gore's own admission, he knew the facts underlying the claim as early as July 15, 2005. Thus, even assuming Gore's entitlement to § 2244(d)(1)(D) for determining the start of the limitations period as to the first claim, his Petition is still untimely with respect to that claim. See Response at 16. As to

14

establish that equitable tolling of the statute of limitations is warranted.  The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing."  Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted).  The burden is on Gore to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).  Here, Gore simply has not met the burden of showing that equitable tolling is warranted.

Gore has not presented any reason why the dictates of the one-year limitations period should not be imposed upon him.  For this

---

the first claim, the limitations period began on July 7, 2005, and ran for seventy (70) days until he filed his third Rule 3.850 motion on September 15, 2005, and then began to run again on June 30, 2009, and ran for three hundred and sixty-three (363) days until he filed his Petition in this Court on June 28, 2010.

15

reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Gore seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Gore "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

16

the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss this case with prejudice (Doc. #11) is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

4. If Gore appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ENTERED** at Jacksonville, Florida this 30th day of July, 2013.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

17

```
sc 7/18
c:
Donald Craig Gore
Counsel of Record
```